UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID WALRATH and HARLEY
REYNOLDS, individually and on
behalf of all others similarly situated,

               Plaintiffs,

    -v-                         6:21-CV-1179

BASSETT HEALTHCARE NETWORK
and any related entities,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL

On October 27, 2021, named plaintiffs David Walrath ("Walrath") and Harley Reynolds ("Reynolds") (collectively the "named plaintiffs") filed this putative collective action against defendant Bassett Healthcare Network ("Bassett" or "defendant") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1] Dkt. No. 1.

---

[1] Briefly stated, the named plaintiffs are employed by Bassett as "nursing assistants." They allege defendant had a policy and practice of automatically deducting meal breaks from their pay. Because defendant did so regardless of whether an employee actually took a meal break, the policy resulted in defendant failing to properly compensate the named plaintiffs and other similarly situated employees for all of the hours they worked.

On November 30, 2022, the parties notified the Court that they had reached a settlement. Dkt. No. 28. Shortly thereafter, the named plaintiffs moved under Federal Rule of Civil Procedure ("Rule") 23(e) for preliminary approval of the settlement and an order directing notice of the settlement agreement to the class members. Dkt. No. 30. That motion was granted on January 9, 2023, Dkt. No. 31, and the parties began the task of distributing class notice, *see* Dkt. No. 33, and of preparing to consummate the settlement in accordance with the terms of the agreement. The named plaintiffs have since moved for final approval. Dkt. No. 32. That motion is unopposed. *Id.*

On May 18, 2023, in accordance with the preliminary approval Order, Dkt. No. 31, this Court held a Final Approval Hearing in person on the record in Utica, New York. There were no objections made at that time, and none were filed in advance of the hearing. However, it is noted that two requests for exclusion have previously been received. *See* Dkt. No. 32-4 at 2.[2]

Upon consideration of the named plaintiffs' memorandum of law and their supporting exhibits, and after reviewing the parties' Settlement Agreement in light of the Preliminary Approval Order and the relevant governing law and rules, it is

ORDERED that

---

[2] Pagination corresponds to CM/ECF.

1. The Court FINDS that the settlement is procedurally fair and has been reached through arms'-length negotiations between experienced counsel who engaged in adequate discovery;

2. The Court FINDS that the settlement satisfies the nine[3] factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*");

3. The Court DETERMINES that it has jurisdiction over the subject matter of this action, and over all parties to this action, including the Class Members[4];

4. The Court FINDS that the settlement set forth in the Agreement is, in all respects, fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and of the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

5. The Agreement is APPROVED and the terms and provisions of the Agreement shall be IMPLEMENTED;

---

[3] The nine factors are: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through to trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

[4] For purposes of this Order, all terms not otherwise defined share the meaning set forth in the Agreement.

6. Class Members who have not properly and timely exercised their opt-out rights are conclusively deemed to have RELEASED or DISCHARGED Defendant and its present and former owners, officers, directors, and employees from, and are permanently ENJOINED and BARRED from asserting, either directly or indirectly, against Defendant, any and all claims released in the Agreement, because all such matters are fully and finally CONCLUDED, TERMINATED, and EXTINGUISHED;

7. The Court FINDS that the settlement reflects a reasonable compromise over contested issues involving a *bona fide* dispute;

8. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all Class Members in compliance with Rule 23 of the Federal Rules of Civil Procedure and the U.S. Constitution;

9. The Settlement Fund shall be DISTRIBUTED to Class Members, pursuant to the Agreement, in accordance with its terms, to those individuals who have elected to participate in the settlement, including:

(a) the service award to the Named Plaintiffs in the amount of $10,000 each;

(b) professional costs and fees in the amount of $200,000;

(c) claims administration fees in the amount of $10,615.55; and

10. Without affecting the finality of this Order in any way, this Court RETAINS jurisdiction over the consummation and performance of the terms of the Agreement.

The Clerk of the Court is directed to terminate the pending motion, close the file, and enter a judgment dismissing this action with prejudice.

IT IS SO ORDERED.

Dated: May 18, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge